The PRESIDENT
delivered the opinion of the Court.
Submissions were made rules of court, by consent, at common law, before the statute. Sid. 54. T. Ray. 35. and afterwards under the statute of 9 & 10 William III.
It seems to have been practiced on bonds of submission with condition that the submission should be made a rule of court, either to proceed to the award, and to have that entered as the judgment of the court, or to have the rule previously entered. The former was the case in Baily & Chesely 1 Salk. 72. Since, on deciding the question about consent, the award, not the submission, was made the rule of the court.
Under the authority of this case, (the in-dorsement being considered as evidence of consent that the award should be made the judgment of the court,) the award might have been confirmed without a previous rule of submission.
In 2 Atk. 501. New rules of court were made to enlarge the times, but this does not prove that they were necessary. The court of chancery in England is always open, and it might have been a more convenient practice, than to enter into new agreements to extend the time.
*The indorsement is to be considered as incorporated with, and part of the condition of the bond, so as to constitute one entire agreement, and to be taken by relation to the date of the bond, so as to bring it within the original rule. In this view of the case, the Chancellor erred in his decision upon the cause shewn, on the ground which he took.
We have examined this voluminous record, to see if there be any other ground more tenable. Reasons for obstructing or setting aside awards, according to the best construction of the statutes, are either for some illegality or injustice apparent on the face of them, or for misbehaviour in the arbitrators. Every argument, derived from the spirit of the statutes of Jeofails in favor of judgments, applies with increased force in favor of awards, since the judges in the latter case are of the parties own chusing.
The bill filed in this case, shewing cause against the award, not only goes over the tVhole subject of dispute, referring to former bills, answers and accounts, but contains a libel against one of the arbitrators, and all of them are made defendants.
This is a strange proceeding, first to chuse judges to decide a dispute, and then to make them defendants to a suit, in order to demand of them the reasons of their decision. The arbitrators might have demurred to the bill, not being obliged to answer.
The defendant Shermer has fully denied all the charges in the bill, and has done away the ground of suspicion (for it was only suspicion) of a partial attachment to him, in one of the arbitrators.
The causes therefore being fully done away in the mode chosen by the appellee, (like the case of an injunction which in such a case would have been dissolved,) there appears no reason to obstruct the decree directing the award to be performed.
Decree reversed with costs.